**George D. FIELDS, Plaintiff–Appellant,**

v.

**Donal CAMPBELL, Commissioner, Tennessee Department of Correction; Jim Rose; Fred Raney; Tony Parker; Cherry Lindamood, Defendants–Appellees.**

No. 01–6458.

United States Court of Appeals, Sixth Circuit.

June 20, 2002.

Before DAUGHTREY and CLAY, Circuit Judges; WILLIAMS, District Judge.*

of Virginia, sitting by designation.

## ORDER

This pro se Tennessee state prisoner appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages, a declaratory judgment, and injunctive relief, George Fields sued Tennessee Department of Correction (TDOC) Commissioner Donal Campbell, Assistant TDOC Commissioner Jim Rose, Northwest Correctional Complex Warden Fred Raney, Associate Warden Tony Parker, Deputy Warden Cherry Lindamood, Unit Manager William Calhoun and Clerk Rhonda Chesser in their official and individual capacities. Fields paid the filing fee for his complaint, and in that complaint, he claimed that the defendants denied him medical care and committed acts of negligence that exacerbated his medical condition in violation of his Eighth Amendment rights. Fields did not, however, attach or detail any administrative proceedings wherein he raised any issue of the denial of medical care.

Despite Fields's payment of the district court filing fee, the district court applied 28 U.S.C. § 1915(e)(2) and sua sponte dismissed the complaint. The district court first noted that Fields failed to satisfy the exhaustion requirement of 42 U.S.C. § 1997e, and recognized the proposition that whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies, the court is to dismiss the complaint without prejudice. Nevertheless, the court reasoned that because the events giving rise to the claims fell outside the applicable statute of limitations, the claims were frivolous and amenable to sua sponte disposition pursuant to 42 U.S.C. § 1997e(c)(2). Accordingly, the district court dismissed the complaint as frivolous and devoid of jurisdiction pursuant to Fed. R.Civ.P. 12(h)(3).

In his timely appeal, Fields essentially reasserts the claims set forth in the district court. He also argues on appeal that the defendants violated his due process rights by improperly sanctioning him for a disciplinary violation.

Initially, it is noted that Fields did not clearly claim a violation of due process in the district court. Unless exceptional circumstances are present, the court normally will not address an issue not first raised in the district court. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). No exceptional circumstances exist in this case.

This court must review a district court's Fed.R.Civ.P. 12(h)(3) dismissal for lack of subject matter jurisdiction de novo. Willis v. Sullivan, 931 F.2d 390, 395 (6th Cir.1991); Greater Detroit Res. Recovery Auth. v. United States EPA, 916 F.2d 317, 319 (6th Cir.1990).

Upon review, we conclude that 28 U.S.C. § 1915(e)(2) should not have been applied to Fields's fee-paid suit. Based upon the court's decision in Benson v. O'Brian, 179 F.3d 1014 (6th Cir.1999), the district court erred in dismissing Fields's complaint on the basis of § 1915(e)(2). In Benson the court clarified that § 1915(e)(2) applies only to litigants who are proceeding in forma pauperis. See id. at 1017.

Since § 1915(e)(2) does not apply, the district court erroneously dismissed the suit sua sponte. "Generally, a district court may not sua sponte dismiss a com-

plaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir. 1999); *see Tingler v. Marshall,* 716 F.2d 1109, 1111–12 (6th Cir.1983). *"Tingler* requires the district court to give unambiguous notice of its own motion to dismiss, and to notify the parties of a reasonable date by which they must respond." *Catz v. Chalker,* 142 F.3d 279, 286 (6th Cir. 1998). *Tingler* does not prohibit a sua sponte dismissal under § 1915(e)(2) if the plaintiff is proceeding in forma pauperis. *See McGore v. Wrigglesworth,* 114 F.3d 601, 612 (6th Cir.1997). Neither does *Tingler* prohibit a sua sponte dismissal of a paid complaint for failure to invoke federal subject matter jurisdiction; however, this avenue is appropriate only in the rare circumstance "when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple,* 183 F.3d at 479, (citing *Hagans v. Lavine,* 415 U.S. 528, 536–37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974)).

The allegations of Field's complaint are not totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion. Fields claimed that the defendants denied him medical care and committed acts of negligence that exacerbated his medical condition in violation of his Eighth Amendment rights. His claims raised under 42 U.S.C. § 1983 were not unsubstantial or wholly frivolous. *See Hagans,* 415 U.S. at 536–37. While Fields's nascent pleadings appear to assert claims barred by the statute of limitations, whether those claims are barred by the applicable statute of limitations is the basis of an affirmative defense that should be raised by the defendants. It is ordinarily error to raise an affirmative defense sua sponte unless the defense is obvious from the face of the complaint. *Haskell v.*

*Washington Township,* 864 F.2d 1266, 1273 (6th Cir.1988). In short, although these allegations may fail to state a claim of deliberate indifference to a serious medical need, they are not so implausible, attenuated, unsubstantial, or patently frivolous, that the district court lacked subject matter jurisdiction.

Because the district court did not comply with the requirements of *Benson,* it improperly dismissed the suit sua sponte. *See Apple,* 183 F.3d at 480; *Catz,* 142 F.3d at 286.

Accordingly, the district court's judgment is hereby vacated and the case remanded for further proceedings. Rule 34(j)(2)(C), Rules of the Sixth Circuit.