Geoffrey **BENSON**, Plaintiff–Appellant,

v.

Greg **O'BRIAN** et al., Defendants– Appellees.

No. 98–3017.

United States Court of Appeals, Sixth Circuit.

Submitted June 11, 1999.

Decided June 15, 1999.

Geoffrey Benson (briefed), Chardon, OH, pro se.

Elizabeth A. McCord, Montgomery, Rennie & Jonson, Cincinnati, OH; Michael P. Brown (briefed), Lake County Prosecutor's Office, Painesville, OH, for Greg O'Brian.

Stephen H. Johnson (briefed), Office of the Attorney General of Ohio, Columbus, OH, for Thomas E. Geyer, Matthew F. Fornshell and Dave Melito.

Elizabeth A. McCord (briefed), Gregory T. Hoffpauir (briefed), Montgomery, Rennie & Johnson, Cincinnati, OH, for Craig Steven Albert.

Arthur James Marziale, Jr. (briefed), Office of the Attorney General of Ohio, Columbus, OH, for Kenneth F. Affeldt.

Before: KEITH, DAUGHTREY, and MOORE, Circuit Judges.

MOORE, Circuit Judge.

Geoffrey Benson appeals from a judgment of the district court dismissing his complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. FED. R.APP. P. 34(a). We conclude that § 1915(e)(2) applies only to in forma pauperis proceedings. As Benson had not requested leave to proceed in forma pauperis, dismissal pursuant to this provision was improper. Accordingly, we vacate the judgment dismissing the action and remand the case for further proceedings.

## I

Seeking monetary and equitable relief, Benson sued the defendant judges and prosecutors in their individual and official capacities pursuant to, inter alia, 42 U.S.C. §§ 1983 and 1985 and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968. Benson alleged that the defendants improperly prepared a search warrant and that the defendants knowingly seized property from him pursuant to a defective warrant.

Benson paid the requisite filing fee and did not request leave to proceed in forma pauperis. The district court, however, erroneously believed that this was an in forma pauperis action, and the court "screened" the complaint sua sponte pursuant to 28 U.S.C. § 1915(e)(2).[1] Concluding that the defendants generally were immune from liability and that the complaint lacked allegations that would reasonably suggest that the plaintiff had a valid federal claim against any of the defendants, the court dismissed the action. Benson filed a timely notice of appeal.

## II

It has long been the rule in this circuit "that a district court faced with a complaint which it believes may be subject to dismissal must ... notify all parties of its intent to dismiss the complaint [and] give the plaintiff a chance to either amend his complaint or respond to the reasons stated by the district court in its notice of intended sua sponte dismissal." *Tingler v. Marshall*, 716 F.2d 1109, 1112 (6th Cir.1983). This rather forgiving common law doctrine was curtailed in 1996, however, with the passage of the Prison Litigation Reform Act of 1995 ("PLRA"), Pub.L. No. 104–134, §§ 801–810, 110 Stat. 1321 (1996). Responding to a perceived deluge of frivolous lawsuits, and, in particular, frivolous prisoner suits, Congress directed the federal courts to review or "screen" certain complaints sua sponte and to dismiss those that failed to state a claim upon which

---

1. 28 U.S.C. § 1915(e)(2) provides:
 Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
 (A) the allegation of poverty is untrue; or
 (B) the action or appeal—
 (i) is frivolous or malicious;
 (ii) fails to state a claim on which relief may be granted; or
 (iii) seeks monetary relief against a defendant who is immune from such relief.

relief could be granted, that sought monetary relief from a defendant immune from such relief, or that were frivolous or malicious. *See* 28 U.S.C. § 1915(e)(2) (screening provision within the in forma pauperis statute); 28 U.S.C. § 1915A (screening of complaints filed by prisoners seeking redress from a governmental entity or its officers or employees). This court has held that the district courts are not to permit plaintiffs to amend a complaint to avoid dismissal pursuant to these provisions; therefore, to the extent that one of these provisions is applicable, *Tingler* is overruled. *See McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir.1997).

■ Against this backdrop, we must resolve today a troubling question that has produced conflicting results within this circuit: Are complaints in actions not pursued in forma pauperis to be screened pursuant to § 1915(e)(2)? Certain passages in the *McGore* opinion strongly suggest that they are. *See McGore*, 114 F.3d at 604–05, 608–09. In *McGore*, however, this court affirmed the dismissal pursuant to §§ 1915(e)(2) and 1915A of an action brought by a prisoner against a sheriff's department and its officials. *See id.* at 603–04. Because McGore was a prisoner suing a governmental entity and its officials, his action was properly screened under § 1915A. Moreover, McGore, who apparently was indigent, *see id.* at 604, presumably was proceeding in forma pauperis. Thus, it was unnecessary for us to decide in *McGore* whether actions that are not pursued in forma pauperis are to be screened under § 1915(e)(2), and any observations made by the *McGore* court on this issue are dicta.

Since *McGore* was decided, a number of panels of this court have held that actions not pursued in forma pauperis may be screened under § 1915(e)(2), while other panels have held to the contrary, all in unpublished dispositions. Conflicting opinions have even been rendered in appeals involving the same plaintiff, Benson, who is now before us. *Compare Benson v. White*, 173 F.3d 428 (6th Cir.1999) (unpublished, per curiam order) (§ 1915(e)(2) screening applicable although plaintiff not proceeding in forma pauperis), *with Benson v. Kase*, 178 F.3d 1293 (6th Cir.1999) (unpublished, per curiam order) (§ 1915(e)(2) screening not applicable in this circumstance).

For the following reasons we hold that § 1915(e)(2) applies only to in forma pauperis proceedings. Most obviously, § 1915 is titled, "Proceedings in forma pauperis." To our knowledge no other part of § 1915 has been applied to actions not pursued in forma pauperis. Moreover, § 1915(e) is the product of the PLRA's revision and renumbering of former § 1915(d), and former § 1915(d) clearly applied only to in forma pauperis actions. In *Denton v. Hernandez*, 504 U.S. 25, 34, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), the Supreme Court held that a dismissal under former § 1915(d) was "not a dismissal on the merits, but rather an exercise of the court's discretion under the *in forma pauperis* statute, [and thus] the dismissal does not prejudice the filing of a paid complaint making the same allegations."

Admittedly, § 1915(e)(2) was revised by the PLRA. Dismissal upon certain findings by the district court was made mandatory rather than permissive, and language was added directing dismissal "[n]otwithstanding any filing fee, or portion thereof, that may have been paid." The addition of this language, however, must be considered in light of the PLRA's other amendments to the in forma pauperis statute. First, prisoners are now required to pay the full filing fee either initially, or through installments as specified in § 1915(b). Second, Congress has made it clear that the court should dismiss an in forma pauperis case at any time when grounds specified in § 1915(e)(2) become apparent. In light of these factors, we conclude that the "notwithstanding" language in § 1915(e)(2) does not expand § 1915(e)(2) beyond in forma pauperis cases.

The structure of § 1915(e) further indicates that it is directed only at in forma pauperis actions. Under § 1915(e)(2)(A)

"the case" may be dismissed because of a false allegation of poverty. Clearly, "the case" must be an in forma pauperis case for the purposes of subsection A, and it would be anomalous to hold that it could be otherwise for the purposes of subsection B.

The other circuits that have addressed the question agree that § 1915(e)(2) applies only to in forma pauperis actions. *See Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir.) ("As Appellant was not proceeding *in forma pauperis,* his complaint could not be dismissed pursuant to § 1915(e)(2)."), *cert. denied,* —— U.S. ——, 119 S.Ct. 156, 142 L.Ed.2d 128 (1998); *Marks v. Solcum,* 98 F.3d 494, 495 (9th Cir.1996) (" § 1915(e)(2) ... applies to prisoner proceedings in forma pauperis"); *Porter v. Fox,* 99 F.3d 271, 273 n. 1 (8th Cir.1996).

 Finally, if this court were to hold that § 1915(e)(2) applies regardless of in forma pauperis status, the district courts would be obligated to screen *all* complaints filed and dismiss those that are found to be deficient. For two reasons we believe a reading that leads to this result is untenable. First, if all actions, whether pursued in forma pauperis or not, are to be screened by the district court pursuant to § 1915(e)(2), the specific prisoner complaint screening provision, § 1915A, would be rendered largely superfluous. We should, of course, be "hesitant to adopt an interpretation of a congressional enactment which renders superfluous another portion of that same law." *Mackey v. Lanier Collection Agency & Serv., Inc.,* 486 U.S. 825, 837, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988). Second, such a holding would completely negate the policy of this and several other circuits that a plaintiff generally should be given notice and an opportunity to respond prior to the district court's sua sponte dismissal of the complaint. *See Tingler,* 716 F.2d at 1112;

*Ricketts v. Midwest Nat'l Bank,* 874 F.2d 1177, 1184 (7th Cir.1989) (requiring notice and opportunity to respond prior to sua sponte dismissal of complaint and citing the cases of other circuits that have adopted this rule). We very much doubt that the drafters of the PLRA intended to effectuate such a sweeping change in our entire civil litigation practice, and we see no indication in the legislative history or in the structure of the Act that this was their purpose.

## III

For the foregoing reasons, we conclude that 28 U.S.C. § 1915(e)(2) is inapplicable to actions that are not pursued in forma pauperis. Benson had not been granted in forma pauperis status, nor had he even requested leave to proceed in forma pauperis.[2] Accordingly, we **VACATE** the district court's order dismissing this action pursuant to § 1915(e)(2) and **REMAND** the case for further proceedings consistent with this opinion.

---

2. It appears to us that screening pursuant to § 1915(e)(2) should be triggered by the filing of a request for leave to proceed in forma pauperis. Because Benson had neither re-

quested nor been granted in forma pauperis status, however, we need not decide that question today.