William McVEY, Plaintiff–Appellant,

v.

Dan Aaron POLSTER, et al., Defendants–Appellees.

No. 01–3004.

United States Court of Appeals, Sixth Circuit.

Sept. 26, 2001.

480

Before SILER and CLAY, Circuit Judges; GRAHAM, District Judge.*

William McVey, an Ohio resident proceeding pro se, appeals a district court order dismissing his fee-paid civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

McVey filed this action against United States District Judge Dan Aaron Polster, United States District Judge Royce C. Lamberth, Attorney Frank J. Micheli, Dr. Angelo J. Antalis, Attorney Stephen L. Altman, Dr. Angelo Georges, Does I through X and Roe Corporations I through X. The complaint alleges that defendants Antalis and Georges "owe plaintiff William McVey $15,000,000.00 by way of a default judgment when both failed to answer to plaintiff's complaint within 20 days as prescribed by law in a previous lawsuit." It is further alleged that "Judge Dan Aaron Polster and Royce C. Lamberth fixed said lawsuit by the influence peddling of attorney defendants Frank J. Micheli and Stephen L. Altman, therefore, attorneys Frank J. Micheli and Stephen L. Altman

owe plaintiff $15,000,000.00 each." The district court dismissed the complaint pursuant to 28 U.S.C. § 1915(e). Reconsideration was denied. This timely appeal followed.

 Upon review, we affirm the district court's order for reasons other than those stated by the district court. *See City Mgmt. Corp. v. U.S. Chem. Co.*, 43 F.3d 244, 251 (6th Cir.1994) (this court may affirm on any grounds supported by the record). The court improperly dismissed this fee-paid case pursuant to 28 U.S.C. § 1915(e). A district court cannot sua sponte dismiss a fee-paid complaint under § 1915(e) because this section only applies to complaints filed in forma pauperis. *See Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir.1999). In *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999), the court ruled that a dismissal of a fee-paid complaint may be upheld if the plaintiff's allegations are so attenuated as to divest the court of jurisdiction.

Even liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the complaint does not contain allegations reasonably suggesting that McVey might have a valid federal claim, and, as pointed out by the district court, the complaint gives every appearance of seeking to raise a completely unsupported and scandalous assertion of impropriety on the sole basis that McVey does not agree with judicial decisions in a case to which he is a party.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

* The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.