Richard A. **COLE**, M.D.,
**Plaintiff–Appellant,**

v.

James S. **COX**, Esq.; **James S. Cox & Associates; John Doe, Esq., and others not yet identified, Defendants–Appellees.**

No. 02–5289.

United States Court of Appeals,
Sixth Circuit.

Aug. 8, 2002.

Before: KEITH and DAUGHTREY, Circuit Judges; CARR, District Judge.*

*ORDER*

Richard A. Cole, M.D., a Massachusetts resident who formerly practiced medicine in Pennsylvania, appeals pro se a district court order dismissing his complaint filed against a Tennessee attorney and his law firm as barred by the statute of limitations. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Cole filed a complaint in which he alleged that he had hired the defendants, as well as other law firms, to help defend him against federal

---

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

criminal charges of distribution of Dexedrine, mail fraud, and tax evasion. On counsel's advice, Cole entered a guilty plea to the charges in 1992. As a result, he served a term of imprisonment, forfeited property, and paid fines. He alleged that he discovered in 2000 that a Pennsylvania regulation concerning the dispensing of Dexedrine that was mentioned in his indictment had been declared void and expired prior to his guilty plea. He then filed for coram nobis relief, and filed this complaint against his former attorney. The district court, noting several deficiencies in the original complaint including potential statute of limitations problems, ordered Cole to file an amended complaint. Cole complied, and filed a complaint raising claims of malpractice, breach of fiduciary duty, breach of contract, negligence, fraud, misrepresentation, infliction of emotional distress, interference with a business relationship, and violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq. The district court then sua sponte dismissed the complaint, citing 28 U.S.C. § 1915(e)(2)(B)(ii), finding all of the claims barred by the statute of limitations. On appeal, Cole argues that the defendants are guilty of fraudulent concealment of his cause of action, which tolled the running of the statute.

Initially, it is noted that the district court erred in relying on 28 U.S.C. § 1915(e)(2)(B)(ii) as the basis for dismissing this complaint, as Cole was not proceeding in forma pauperis. *Benson v. O'Brian*, 179 F.3d 1014, 1015–17 (6th Cir. 1999). However, because the court gave Cole notice and an opportunity to amend, the dismissal can be treated as one pursuant to Fed.R.Civ.P. 12(b)(6). Alternatively, the district court could have dismissed the complaint for lack of jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). *Apple v. Glenn*, 183 F.3d 477, 479–80 (6th Cir.1999).

The district court properly concluded that Cole's state law claims were barred by the statute of limitations, whether Pennsylvania or Tennessee law applied. The RICO claim was also barred by the four-year statute of limitations governing such actions. *Agency Holding Corp. v. Malley–Duff & Assocs.*, 483 U.S. 143, 156, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987). Cole does not dispute the applicability of the statutes of limitations, but argues that they were tolled by fraudulent concealment on the part of defendants. In order to establish fraudulent concealment, Cole was required to show that defendants concealed the cause of action, preventing him from discovering it despite the exercise of diligence on his part. *Hill v. United States Dep't of Labor*, 65 F.3d 1331, 1335–36 (6th Cir.1995). In this case, the information regarding the continuing validity of the Pennsylvania regulation was publicly available, and defendants lacked the ability to fraudulently conceal it. Moreover, Cole has not alleged why defendants would have been motivated to intentionally deceive him on this point, rather than at most, having made an error. It defies common sense to believe that Cole would have hired an attorney who harbored some personal vendetta against him.

Because the claims asserted in the complaint were all barred by the statute of limitations, and Cole has not established any fraudulent concealment by defendants which would have tolled the running of the statute, the dismissal of the complaint for failure to state a claim is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.