**Ricky D. JOHNSON, Plaintiff–Appellant,**

**v.**

**Luis A. NINO, Defendant–Appellee.**

No. 01–1651.

United States Court of Appeals, Sixth Circuit.

Sept. 27, 2002.

Before KENNEDY and MOORE, Circuit Judges;  DOWD, District Judge.*

Ricky D. Johnson, a Michigan state prisoner, appeals pro se the judgment for de-

---

* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

fendant in a civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Johnson filed a complaint against a prison doctor, alleging that he had been denied adequate medical care in violation of his constitutional rights. Specifically, the complaint alleged that the defendant doctor had performed five fulguration procedures on the back of Johnson's neck to treat ingrown hairs. Johnson developed keloids, and was referred to an outside dermatologist, who prescribed medications to treat the keloids, not all of which Johnson received. This treatment was unavailing, and the largest of the keloids was eventually removed and replaced by a skin graft. Johnson stated that defendant failed to "utilize ordinary knowledge, skill and care both in his diagnosis and in his treatment of me." Pauper status was denied, and Johnson paid the filing fee for his complaint.

After defendant answered the complaint, Johnson filed a motion to amend to add nine additional defendants, along with a proposed amended complaint. The matter was referred to a magistrate judge, who recommended that the motion to amend be granted in part and denied in part. Specifically, the magistrate judge recommended that Johnson be permitted to add four defendants: a nurse who signed some of his medical record entries, and the medical director and two other physicians who denied defendant's referrals for further treatment. The district court adopted the magistrate judge's recommendation.

Defendant moved to dismiss or for summary judgment, to which Johnson responded. The magistrate judge recommended that defendant's motion for summary judgment be granted, and the district court adopted this recommendation in part, but stated that the complaint would be dismissed as to defendant for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The magistrate judge then recommended that the case be closed due to Johnson's failure to file an amended complaint as permitted by the court's earlier order. Over Johnson's objections, the district court adopted this recommendation and closed the case for failure to prosecute. On appeal, Johnson reasserts the merits of his claims, and argues that the district court erred in dismissing the case without addressing his motions for discovery and the appointment of counsel.

■ Initially, we note that the district court erred in citing to 28 U.S.C. § 1915(e)(2)(B)(ii) in dismissing the complaint for failure to state a claim as to the original defendant, as Johnson was not proceeding in forma pauperis; however, the complaint could be dismissed for failure to state a claim under 28 U.S.C. § 1915A, as it was a complaint by a prisoner against a state official. *Benson v. O'Brian,* 179 F.3d 1014, 1016 (6th Cir. 1999). The dismissal for failure to state a claim will be affirmed, as Johnson could prove no facts which would entitle him to relief. *Jones v. City of Carlisle,* 3 F.3d 945, 947 (6th Cir.1993). Alternatively, defendant was entitled to summary judgment, as recommended by the magistrate judge, as there are no genuine issues of material fact, and defendant was entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

■ The complaint in this case merely alleges that the defendant doctor was negligent in his treatment of Johnson. After Johnson developed keloids following the fulguration of his ingrown hairs, defendant

referred him to an outside dermatologist. His medical record shows that the dermatologist filled out a form prescribing medication and asking to see Johnson again in six weeks. For some reason, this treatment plan was not noted in Johnson's chart. He did not complain about not receiving the medication, but did file a grievance when he was not sent back to the dermatologist in six weeks. He was referred to the dermatologist again, approximately two weeks later than had been advised, and again prescribed medication. This time, on his return to the prison, Johnson was given two antibiotics and steroids prescribed by the dermatologist, but not an acne medication, which was not available at the prison. Instead, defendant advised him to purchase Oxy 10 at the prison store. Johnson saw the dermatologist again approximately six months later, and this time received the medicines prescribed. However, this treatment was not effective, and Johnson had to undergo a skin graft to remove the largest keloid.

An allegation of negligent medical treatment does not state a claim under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Estelle v. Gamble*, 429 U.S. 97, 105–06, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Durham v. Nu'Man*, 97 F.3d 862, 868–69 (6th Cir.1996). The record in this case shows that defendant attempted to treat Johnson's complaints, including referring him to outside specialists when necessary. Johnson cites to *Johnson v. Hardin County, Ky.*, 908 F.2d 1280, 1284 (6th Cir.1990), for the proposition that refusal to provide medication prescribed by physicians constitutes deliberate indifference to medical needs. We find this case distinguishable from the cited case, in which a jailer was alleged to have sometimes thrown the immobilized prisoner's medication into his cell out of his reach, or sometimes not to have offered it at all, and

to have refused to give the pain medication as frequently as prescribed. In this case, the record shows that the initial prescription from the dermatologist was not filled for reasons that are not apparent. The form filled out by the dermatologist was overlooked, and when Johnson complained, he was again referred to the dermatologist. On the second visit, the prescriptions were filled for antibiotics and steroids, but not for acne medication. However, defendant advised Johnson that an alternative over-the-counter medication was available for purchase at the prison store. Johnson does not allege if he availed himself of this alternative. Johnson has not alleged any occasions where defendant's conduct could even arguably be described as deliberately indifferent to Johnson's medical needs. In hindsight, Johnson may believe that defendant should not have treated his ingrown hairs by fulguration, but this would at most state a tort claim for medical malpractice, not a constitutional violation.

The complaint was dismissed as to the remaining proposed defendants for want of prosecution. The district court granted the motion to amend on July 17, 2000. No amended complaint was filed before the dismissal of April 17, 2001. Although Johnson was never specifically instructed that he needed to file an amended complaint, he was given notice by the magistrate judge's report recommending this dismissal, and still did not file the amended complaint, although he filed other objections. Moreover, the complaint as to these defendants would have been subject to dismissal for the same reason discussed above regarding the original defendant. The proposed defendant nurse may have been responsible for the oversight regarding the first prescription, but Johnson had no evidence to show that this was deliberate indifference rather than negligence. The three other proposed defendants were

administrative personnel in the managed care program who denied defendant's requests for further referrals of Johnson to the dermatologist and cosmetic surgeon, and adopted a policy of not dispensing acne medication from the prison infirmary. While Johnson may disagree with these decisions, he has no evidence that these decisions were the result of a disregard of an excessive risk to his health. *Farmer*, 511 U.S. at 837, 114 S.Ct. 1970.

Finally, Johnson's allegation in his brief on appeal that his motions for counsel and discovery were not addressed is without merit. Review of the record shows that each of his motions for counsel and discovery were denied.

For all of the above reasons, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.