**Thomas D. CLARK, Plaintiff–Appellant,**

v.

**UNITED STATES of America, named as "U.S. and USA Government," its agencies and agents, Defendant–Appellee.**

**No. 03–1343.**

United States Court of Appeals, Sixth Circuit.

Aug. 27, 2003.

---

Thomas D. Clark, pro se, Lansing, MI, for Plaintiff–Appellant.

Michael L. Shiparski, Asst. U.S. Attorney, U.S. Attorney's Office for the Western District of Michigan, Grand Rapids, MI, for Defendant–Appellee.

Before KENNEDY, GUY, and DAUGHTREY, Circuit Judges.

### ORDER

Thomas D. Clark, proceeding pro se, appeals a district court judgment dismissing his civil case. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, Clark filed suit against the Department of State, the United States, the National Security Agency, and its director, Lt. Hayden, pursuant to, inter alia, the Federal Tort Claims Act, the Administrative Procedures Act, the Constitution, and common law. Clark asserted that, because of his royal lineage, the United States had entered into agreements with other organizations to use "signals intelligence" and "directed energies," i.e., sound, gravity, and laser, to target him for radiation experiments on U.S. citizens with royal genes and "social historical spiritual archetypes." Upon sua sponte review, the district court dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

Clark has filed a timely appeal.

Upon review, we conclude that the district court's judgment must be affirmed for reasons other than those stated by the district court. *See Apple v. Glenn,* 183 F.3d 477, 479–80 (6th Cir.1999). The district court dismissed the complaint pursuant to 28 U.S.C. § 1915(e), which governs civil actions brought in forma pauperis ("IFP"). *See Benson v. O'Brian,* 179 F.3d 1014, 1017 (6th Cir.1999). Clark, however, did not proceed IFP, but paid the filing fee. Generally, if a plaintiff pays the filing fee, a complaint is not subject to dismissal without notice to the plaintiff and an opportunity to amend. *Id.*

Although the district court did not give Clark notice and an opportunity to amend before dismissing the action, the district court's actions may nonetheless be affirmed. A complaint may be dismissed sua sponte "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple,* 183 F.3d at 479. The

district court properly concluded that the complaint was frivolous because it lacked an arguable basis in law or fact. *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Accordingly, we affirm the district court's judgment on the ground that the district court lacked subject matter jurisdiction to entertain Clark's complaint. Rule 34(j)(2)(C), Rules of the Sixth Circuit.