**Dwight M. BAKER, Plaintiff–Appellant,**

v.

**WAYNE COUNTY FAMILY INDE-PENDENCE AGENCY, et al., Defendants–Appellees.**

No. 03–1247.

United States Court of Appeals, Sixth Circuit.

Sept. 19, 2003.

Dwight M. Baker, Detroit, MI, pro se.

Before SILER, BATCHELDER, and COOK, Circuit Judges.

### ORDER

Dwight M. Baker, a Michigan resident proceeding pro se, appeals the district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988, and the Federal Child Abuse Prevention and Treatment Act, 42 U.S.C. § 5106a(b)(2). This case has been referred to a panel of the court pursuant to Rule 34(j)(I), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Baker sued the Wayne County, Michigan, Family Independence Agency (WCFIA), WCFIA's director, former director, manager, and other staff, the Wayne County Probate Court and probate court judges, and private attorneys. Each of the defendants was involved with state court proceedings that resulted in the 1996 termination of Baker's parental rights over his son, Andre, and the 2001 termination of his visitation rights. In his third federal lawsuit over this matter, Baker alleged that the defendants used fraudulent case numbers, abused civil process, and conspired to deprive him of his state and federal rights. The district court granted Baker in forma pauperis status, screened the complaint, and dismissed the complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). The court held that the *Rooker–Feldman* doctrine barred review of the state court decisions, declined to exercise jurisdiction over Baker's remaining state law claims, and ordered Baker to seek special leave of court to file any new in forma pauperis actions.

On appeal, Baker reasserts the allegations from his complaint. He also moves to supplement the record.

This court reviews de novo a district court's decision to dismiss under 28 U.S.C. § 1915(e)(2). *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). The statute requires courts to dismiss in forma pauperis complaints that fail to state a claim, and applies to complaints filed by non-prisoners as well as prisoners. *Ben-*

*son v. O'Brian,* 179 F.3d 1014, 1016 (6th Cir.1999); *McGore,* 114 F.3d at 608–09.

Upon review, we conclude that the district court properly dismissed Baker's complaint. In 1996, the Wayne County Probate Court found Baker's home to be an unfit place for Andre to live, assumed jurisdiction over the minor, and made him a ward of the state. Baker appealed, and the Michigan Court of Appeals affirmed the probate court's decision. *In re: Baker,* No. 193022, 1997 WL 33347775 (Mich.Ct. App. May 23, 1997) (unpublished). Baker has filed at least three federal lawsuits involving the termination of his parental rights. In the present action, Baker alleged that the probate court never had jurisdiction because the court relied upon tainted and fraudulent documents. He requested that the district court order the return of his son, conduct a review of the probate court's proceedings, correct the records from the probate court, and award Baker $180 million in damages.

The district court correctly ruled that Baker could not challenge the state probate court's decision in federal court. The *Rooker–Feldman* doctrine prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Patmon v. Mich. Supreme Court,* 224 F.3d 504, 506–07 (6th Cir.2000). Federal courts have no jurisdiction over challenges to state court decisions, even if the challenges allege that the state court acted unconstitutionally. *Feldman,* 460 U.S. at 486. In this case, the essence of Baker's complaint was that the state probate court erred by terminating his parental and visitation rights. The *Rooker–Feldman* doctrine prevents federal courts from engaging in

such collateral review of state court decisions.

Accepting Baker's factual allegations as true, he can prove no set of facts in support of his claims which would entitle him to relief. *See Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405 (6th Cir.1998); *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993). For the foregoing reasons, we deny Baker's motion to supplement the record, and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.