**Ruth PRINGLE, Plaintiff–Appellant,**

v.

**AMERICAN RED CROSS,**
**Defendant–Appellee.**

No. 03–3487.

United States Court of Appeals,
Sixth Circuit.

Oct. 28, 2003.

Ruth Pringle, pro se, Cleveland, OH, for Plaintiff–Appellant.

Before: CLAY and COOK, Circuit Judges; and STAFFORD, District Judge.*

### ORDER

Ruth Pringle, an Ohio resident proceeding pro se, appeals the district court order dismissing her employment discrimination case. This case has been referred to a panel of the Court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking unspecified relief, Pringle filed a complaint against her former employer, American Red Cross (Red Cross), and applied for *in forma pauperis* status. She alleged that Red Cross terminated her for falsifying records, and appeared to claim that her termination was unjust because a co-worker did the same thing and received only a verbal warning. Pringle attached copies of a decision by the Ohio Unemployment Compensation Review Commission, a letter from the Equal Employment Opportunity Commission (EEOC) advising her of its intent to dismiss her claim, and a right to sue letter from the EEOC. The district court granted Pringle *in forma pauperis* status, screened the complaint, and dismissed it for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2). The court held that Pringle's complaint was devoid of facts setting forth a basis for relief under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e–16, et seq.

On appeal, Pringle argues that: (1) she was terminated without just cause; (2) Red Cross [falsely] stated that she was the

---

* The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

only one that acted against company policy; and (3) Red Cross acted with malice and prejudice against her.

This court reviews *de novo* a district court's decision to dismiss under 28 U.S.C. § 1915(e)(2). *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). Section 1915(e)(2) applies to this case because Pringle applied for *in forma pauperis* status. *See Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir.1999).

Upon review, we conclude that the district court improperly dismissed Pringle's complaint for failure to state a claim. A discrimination complaint need only meet the "short and plain statement" requirement of Fed.R.Civ.P. 8(a), and need not allege all of the facts required to support a prima facie case. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). A complaint meets the requirements of Rule 8(a) if it gives the defendant fair notice of the basis for the plaintiff's claims. *Id.* at 514.

Pringle's complaint and attachments met the notice pleading requirements. These documents showed that Pringle is a black female who was terminated from her employment and who alleged that other white employees were treated more favorably. *Cf. Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582–83 (6th Cir.1992) (setting out requirements for a prima facie case). Although Pringle did not specify the relief she wanted or allege all of the elements of a prima facie case, her complaint was sufficient to give the defendant fair notice of the basis for her claim. *See Swierkiewicz*, 534 U.S. at 514.

For the foregoing reasons, we vacate the district court's order and remand the case for further proceedings. Rule 34(j)(2)(C), Rules of the Sixth Circuit.