480

**William M. Sonny LANDHAM, III, Plaintiff–Appellant,**

v.

**UNITED STATES ATTORNEY GENERAL; Kenneth R. Taylor, Ausa; Yvonne Warner, Special Agent FBI; Belita Carol Adams; Kitty Mohlenkamp, Defendants–Appellees.**

No. 03–5719.

United States Court of Appeals,
Sixth Circuit.

June 28, 2004.

William M. Sonny Landham, III, Ashland, KY, pro se.

Marianna Jackson Clay, Asst. U.S. Attorney, U.S. Attorney's Office, Patrick F. Nash, Lexington, KY, for Defendants–Appellees.

Before KENNEDY and GILMAN, Circuit Judges; and SHADUR, District Judge.*

*ORDER*

William M. Sonny Landham, III. proceeding pro se, appeals a district court judgment dismissing his civil rights complaint construed to be filed pursuant to the

---

* The Honorable Milton I. Shadur, United States District Judge for the Northern District of Illinois, sitting by designation.

doctrine announced in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The district court sua sponte screened the complaint and dismissed the entire action for failure to state a claim, relying on the procedure provided in 28 U.S.C. § 1915(e)(2). This it could not do. While plaintiff was proceeding pro se, he is not a prisoner and he had paid the filing fee. He is not proceeding in forma pauperis. *See Benson v. O'Brian,* 179 F.3d 1014, 1016 (6th Cir.1999). Nor can all his claims fall under the exception carved out in *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir. 1999).

Accordingly, we vacate the district court's sua sponte dismissal and remand to the district court with instruction to comply with the requirements of *Tingler v. Marshall,* 716 F.2d 1109, 1112 (6th Cir. 1983) as required by our decision in *Benson.*