

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-27-2007

# Iseley v. Beard

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2465

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Iseley v. Beard" (2007). *2007 Decisions*. Paper 880.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/880

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-2465
_____

CHARLES ISELEY,
Appellant


v.

JEFFREY BEARD; ROBERT BITNER; KENNETH KYLER; FRANK GILLIS;
WILMA SEWELL; KANDIS DASCANI; JOSEPH KORT, DIANA
BANEY; PATRICIA EVERHART; PATRICIA YARGER; DAWN MILLS, Physician
Asst.; PAUL ROEMER; MARY SHOWALTER; KILE; CYNTHIA STEVENS; JOHN
SIDLER; PHS, INC.; ASG, INC.; WEXFORD HEALTH SERVICES, INC.
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 02-cv-02006)
District Judge: Honorable Yvette Kane
_____


Submitted Under Third Circuit LAR 34.1(a)
May 4, 2007

Before: SLOVITER, MCKEE AND AMBRO, CIRCUIT JUDGES
(Filed:  June 27, 2007 )


_____

OPINION
_____

PER CURIAM

Charles Iseley appeals from the order of the United States District Court for the Middle District of Pennsylvania granting summary judgment in favor of some defendants and dismissing his action as to the remaining defendants. We will affirm in part, vacate in part, and remand the matter for further proceedings.

The parties are well-acquainted with the history of this case, so we will recount the background only as relevant to this appeal. Iseley is currently incarcerated at the State Correctional Institution ("SCI") Fayette at LaBelle, Pennsylvania. He suffers from a number of medical conditions, including Hepatitis-C ("HCV"), fibromyalgia, chronic fatigue syndrome, and rheumatoid arthritis. In 2000, Iseley filed a civil rights action under 42 U.S.C. § 1983 in the United States District Court for the Eastern District of Pennsylvania. He alleged, inter alia, that the failure of the defendants to offer him treatment for HCV constituted cruel and unusual punishment. In addition, Iseley claimed that the denial of medical care was in retaliation for having filed grievances and lawsuits against prison officials and employees. The defendants in that action included prison officials from SCI-Mahanoy and SCI-Coal Township, certain prison medical providers, and the former Secretary of the Department of Corrections ("DOC"). After the DOC changed its policy concerning HCV treatment, Iseley unsuccessfully sought a preliminary injunction to compel the DOC to provide him with prescription drug treatment for HCV, despite Iseley's refusals to consent to psychological testing and limited disclosure as

2

required by the DOC's treatment protocols. The District Court granted summary judgment to the defendants, and we affirmed. See Iseley v. Dragovich, Civ. No. 00-cv-04839 (E.D. Pa. Feb. 28, 2005), aff'd 90 Fed. Appx. 577, 2004 WL229449 (3d Cir. 2004) (not precedential).

Meanwhile, in 2002, Iseley filed the complaint in this action, as amended in September 2003. He named as defendants DOC officials and employees (both past and present), SCI-Coal Township and SCI-Huntington officials and personnel, ("Commonwealth defendants"), prison medical providers from SCI-Huntington,[1] again alleging deliberate indifference to his medical needs in denial of treatment for his HCV while housed at those institutions. Once again, Iseley's lawsuit is focused on the defendants' denial of medical treatment because he withheld his consent to the psychological testing aspect of the DOC HCV protocol. His complaint listed numerous claims, including that the failure of the defendants to treat his HCV, fibromyalgia, chronic fatigue syndrome, and rheumatoid arthritis constituted cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments; that he was denied medical treatment in violation of the Americans with Disabilities Act ("ADA"); that the refusal to treat his HCV was in retaliation for his failure to consent to psychological treatment; and that he was denied medical treatment in violation of his Equal Protection rights. Iseley

---

[1] Among the prison medical providers are defendants Dawn Mills, a physician's assistant, and Dr. Paul Roemer, a physician. They were employed by defendant Wexford Health Sources, Inc. ("Wexford"), the former contractual health care provider at SCI-Huntington.

3

also alleged various state law claims. Iseley sought damages and injunctive relief in the form of medical treatment.

Iseley filed a motion for appointment of counsel, which the District Court conditionally granted on March 24, 2004, indicating that the conditional order would be revoked if counsel could not be found to represent Iseley. Defendants Mills, Roemer, and Wexford filed a motion for summary judgment, arguing that they did not violate Iseley's Eighth Amendment rights. Rather, they contended that Iseley refused to cooperate with health care providers in following the diagnostic and classification protocols, including the required psychological screening, as was required of all inmates seeking HCV treatment. They also contended that Iseley's claims were barred by the doctrine of collateral estoppel. In support, they cited Iseley's previous litigation in <u>Iseley v. Dragovich</u>, <u>supra</u>, asserting that Iseley previously unsuccessfully litigated the identical issues regarding the denial of HCV treatment, the validity of the DOC HCV protocol, the psychiatric screening requirement, and the consent form requirement.

On February 28, 2005, the District Court granted the motion for summary judgment filed by defendants Mills, Roemer, and Wexford, concluding that collateral estoppel applied to bar Iseley's complaint. In addition, the District Court dismissed the amended complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim as to the remaining defendants. The District Court denied Iseley's motions to alter and to reconsider the judgment. Iseley appeals.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary

4

review over a District Court's grant of summary judgment and apply the same test applied by the District Court. Saldana v. Kmart Corp., 260 F.3d 228, 231 (3d Cir. 2001). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmovant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id. at 232; Fed. R. Civ. P. 56(c). We will view the facts in the light most favorable to the nonmoving party, and we will draw all inferences in that party's favor. See Reitz v. County of Bucks, 125 F.3d 139, 143 (3d Cir. 1997). Similarly, our review of the District Court's dismissal for failure to state a claim under section 1915(e) is plenary. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may affirm the District Court on any ground supported by the record. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

### Iseley's HCV-Related Claims

The appellees argue that collateral estoppel bars the relitigation of Iseley's claims regarding the denial of HCV treatment, the DOC HCV protocol, and the required psychiatric screening and consent forms. For substantially the same reasons stated by the District Court, we agree. The District Court considered the factors we have applied in determining whether collateral estoppel applies: (1) whether the identical issue was presented in a previous action; (2) whether the prior action resulted in a final judgment on the merits; (3) whether the party against whom collateral estoppel is asserted was a party or in privity to a party to the prior case; and (4) whether the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue previously. See

5

Temple Univ. v. White, 941 F.2d 201, 212 (3d Cir. 1991). With respect to the Iseley v. Dragovich case, of Iseley's HCV issues concerning the alleged denial of care relating to the DOC protocol and screening procedures are identical to the issues presented in Iseley v. Dragovich, which resulted in a final merits determination. Iseley was (obviously) a party to his prior case, and he had a full and fair opportunity in his prior case to litigate the issue.[2] We are unpersuaded by Iseley's arguments attempting to differentiate the present case from the Iseley v. Dragovich case concerning his HCV treatment claims.[3]

### Iseley's Remaining Claims

Iseley argues that the District Court did not address his remaining claims (e.g., the alleged failures to treat his other illnesses; the alleged violations of the Americans with Disabilities Act and his rights under the Equal Protection clause and his state law claims). Indeed, it appears from the record that defendants Mills, Roemer, and Wexford did not argue that these claims were precluded by collateral estoppel in their summary judgment

---

[2] We specifically noted that Iseley had ample opportunity to litigate his previous case. Iseley v. Dragovich, 90 Fed. Appx. at 582, 2004 WL229449, at *3.

[3] Iseley also argues that the Commonwealth defendants should be precluded from raising collateral estoppel because they attempted to remove to federal court Iseley's related state court case, arguing that Iseley's HCV claims must be addressed in a federal civil action. Iseley attached to his brief a copy of the District Court's order in Iseley v. Beard, No. 02-cv-00180 (M.D. Pa. Sept. 30, 2002), dated September 30, 2002, denying removal and remanding the matter to state court. Iseley states that he voluntarily withdrew that action and proceeded to file in federal court. Even assuming Iseley's account of this history is correct, we are unpersuaded that the Commonwealth's collateral estoppel argument is nullified. The Commonwealth's removal petition was filed well before judgment was entered on Iseley's claim in the Iseley v. Dragovich matter.

6

motion, and the District Court's memorandum does not address the claims as they pertain to any of the defendants. Iseley also argues that the District Court should not have dismissed his complaint for failure to state a claim. We observe that the procedural history in the District Court proceedings is somewhat puzzling. For instance, the record indicates that Iseley paid the filing fee for his civil action and apparently was not proceeding in forma pauperis. Yet as noted above, in addition to granting summary judgment, the District Court dismissed Iseley's complaint against the other defendants, under the provisions of 28 U.S.C. 1915(e)(2)(B)(ii), discussing only the denial of HCV treatment without a psychological evaluation. We have noted that section 1915(e)(2) only applies to litigants proceeding in forma pauperis. See Grayson v. Mayview State Hosp., 293 F.3d 103, 109-10, n.10 (3d Cir. 2002) (citing Benson v. O'Brian, 179 F.3d 1014, 1016-17 (6th Cir. 1999)). In addition, the District Court conditionally granted Iseley's motion for appointment of counsel. In so doing, the District Court stated that it had considered the factors of Tabron v. Grace, 6 F.3d 147, 155-57 (3d Cir. 1993), and found that Iseley's complaint, insofar as it related to his Eighth Amendment medical treatment claims,[4] had satisfied the threshold requirement of having potential merit. (District Court March 24, 2004 Mem. at 3.) None of Iseley's other claims are discussed, and it is unclear whether the District Court differentiated Iseley's medical claims

---

[4] The District Court's memorandum identified that the complaint alleged the denial of medical care for "chronic liver disease and other serious ailments," and that a "wide range of medical problems. . . including 'chronic hepatitis c/cirrhosis'" was at issue. (District Court March 24, 2004 Mem. at 1-2.)

7

regarding HCV from his claims regarding other ailments.  Because the District Court record provides no clear indication regarding the disposition of Iseley's remaining claims, and in light of the somewhat irregular procedural history, we will remand the matter.

For the foregoing reasons, we will affirm the judgment of the District Court in part and remand for further proceedings.