NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0290n.06

No. 11-5732

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Mar 13, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| SHANE DUAN BRIGHT, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| LADONNA H. THOMPSON; COOKIE | ) | THE WESTERN DISTRICT OF |
| CREWS; RANDY WHITE, | ) | KENTUCKY |
| | ) | |
| Defendants-Appellees. | ) | |

Before: KEITH, MARTIN, and GIBBONS, Circuit Judges.

PER CURIAM. Shane Duan Bright, a pro se Kentucky prisoner, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. Bright has moved for the appointment of counsel.

Seeking monetary and injunctive relief, Bright sued Kentucky Department of Corrections Commissioner LaDonna H. Thompson, Kentucky State Reformatory Warden Cookie Crews, and Green River Correctional Complex Warden Randy White in their individual and official capacities. Bright alleged that state funds intended for inmate education were misappropriated and that the inmate canteen provider was price-gouging prisoners. Bright further contended that the defendants retaliated against him for filing grievances and a lawsuit by placing him in administrative segregation, and then transferring him from the Kentucky State Reformatory to the Green River Correctional Complex. Bright alleged that the defendants' conduct violated his First Amendment rights. Bright also asserted that he was denied physical therapy after he was transferred to Green River. The district court sua sponte dismissed Bright's complaint under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

On appeal, Bright argues that: 1) the district court erred by failing to serve the defendants before sua sponte dismissing his complaint; 2) the district court erred by sua sponte dismissing his complaint without first granting him leave to amend; 3) the inmate canteen provider engaged in price-gouging, depriving him of a property interest in his commissary funds; 4) he was deprived of his property interest in state funds for inmate education in violation of his due process rights; 5) he was denied physical therapy for his plantar fasciitis in violation of the Eighth Amendment; 6) he was placed in administrative segregation in retaliation for filing grievances and a lawsuit in violation of the First Amendment; and 7) he was transferred between prisons in retaliation for filing grievances and a lawsuit in violation of his First Amendment rights.

The district court's order is reviewed de novo. *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). Section 1915A requires a district court to screen and dismiss complaints that are frivolous, malicious, or fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1); *see also Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Bright argues that the district court erred by failing to serve the defendants or grant him leave to amend before sua sponte dismissing his complaint. District courts must screen prisoner complaints as soon as practicable and sua sponte dismiss those that, among other things, fail to state a claim for relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997) (*overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)). The district court must dismiss a complaint without first affording a plaintiff leave to amend. *Benson v. O'Brian*, 179 F.3d 1014, 1015-16 (6th Cir. 1999). Such dismissal may occur at any time, even before the defendants are served. 28 U.S.C. § 1915(e)(2).

The district court properly dismissed Bright's claims for relief. Bright failed to plead facts alleging that the defendants—who serve in their supervisory capacities—were personally involved in the events underlying the suit in order to state plausible claims for relief. *See Grinter*, 532 F.3d

at 575. These claims cannot be salvaged under a theory of respondeat superior because under section 1983 "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates." *Iqbal*, 129 S. Ct. at 1948. Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* At the very least, the plaintiff must allege that the supervisors condoned, encouraged, or knowingly acquiesced in the alleged misconduct. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Moreover, "[s]upervisory liability under § 1983 cannot be based upon a mere failure to act but must be based upon active unconstitutional behavior." *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002). Bright failed to adequately satisfy these pleading requirements.

Bright's motion for the appointment of counsel is denied and the district court's order is affirmed.