**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0644n.06

No. 11-2226

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Jun 19, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| RICHARD DEAN ZINDLER, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| DAWN ROGERS, Friend of the Court, aka | ) | THE WESTERN DISTRICT OF |
| Dawn Roger; CYNTHIA CONLON, 13th | ) | MICHIGAN |
| Circuit Court Referee; JEFF O'BRIEN, Sgt., | ) | |
| Traverse City Police Department, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before: MARTIN and CLAY, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM. Richard Dean Zindler, a California resident proceeding *pro se*, appeals the district court's judgment dismissing his complaint against three Michigan defendants associated with governmental agencies in this diversity torts case. 28 U.S.C. § 1332. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Richard Zindler resided in Grand Traverse County with his then-wife Laura Danielle Zindler. They have one child. In 2008, Laura filed for divorce. Zindler defaulted and the state circuit court entered a judgment of divorce. In October 2009, Zindler interviewed with Defendant Friend of the Court Dawn Rogers. Rogers recommended that Zindler be given supervised parenting time

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

whenever he was visiting the Traverse City area. In April 2010, Laura filed a petition for a personal-protection order. The state circuit court referred the matter to Defendant Referee Cynthia Conlon. Referee Conlon granted the personal-protection order. In October 2010, Zindler visited the administration offices of the circuit court. Defendant Traverse City Police Department Sergeant Jeff O'Brien arrested Zindler for disorderly conduct. In 2011, a jury convicted Zindler of the charge.

Zindler filed a diversity action based on state-tort law against the defendants alleging that they suborned perjury, committed fraud, and conspired against his rights. The district court granted Zindler leave to proceed *in forma pauperis* and referred the case to a magistrate judge. The magistrate judge issued a report and recommendation and dismissed of the complaint pursuant to 28 U.S.C. § 1915(e)(2). Over Zindler's objections, the district court adopted the magistrate judge's report. The district court concluded that Zindler did not specifically object to any portion of the magistrate judge's report. The district court noted Zindler's allusion to Federal Rule of Civil Procedure 15 and rejected any motion to amend his complaint. Zindler timely appealed. Zindler has filed motions for a stay and for a preliminary injunction to this court.

Zindler timely filed objections to the magistrate judge's recommendation to dismiss his complaint, but failed to specifically object to any of the magistrate judge's determinations. Accordingly, appellate review is forfeited. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991). Moreover, Zindler may not amend his complaint to avoid a sua sponte dismissal under 28 U.S.C. § 1915(e)(2). *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999). Accordingly, the district court appropriately denied Zindler leave to amend. In addition, we have reviewed the magistrate judge's report and find nothing in Zindler's case that would cause us to make an exception.

For the foregoing reasons, we deny the motions for a stay and a preliminary injunction and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.