NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0331n.06

Case Nos. 23-5343/5345

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| COMMONWEALTH OF KENTUCKY, et al., | ) ) ) | |
| Plaintiffs - Appellants, | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| v. | ) ) | |
| ENVIRONMENTAL PROTECTION AGENCY, et al., | ) ) ) | OPINION |
| Defendants - Appellees. | ) ) | |

**FILED**
Jul 29, 2024
KELLY L. STEPHENS, Clerk

BEFORE: GIBBONS, KETHLEDGE, and DAVIS, Circuit Judges.

PER CURIAM. The Commonwealth of Kentucky and various business associations sued the Environmental Protection Agency and the Army Corps of Engineers ("the Agencies") to enjoin the implementation of a new Rule altering the Clean Water Act. At issue, primarily, was the Rule's redefinition of the phrase "waters of the United States," which impacts the Agencies' jurisdiction to regulate water pollution. Plaintiffs claimed that the Rule was unconstitutional and that it violated the CWA and the Administrative Procedure Act.

The district court held a hearing on Plaintiffs' preliminary injunction motion; and, shortly afterwards, dismissed the suit, sua sponte and without notice, for want of standing. But in doing so, the district court erred. Generally, "a district court may not sua sponte dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Benson v. O'Brian*, 179 F.3d 1014, 1017 (6th Cir. 1999)). Instead, a district court must usually "notify all parties of its

intent to dismiss the complaint" and "give the plaintiff a chance to either amend his complaint or respond to the reasons stated by the district court in its notice of intended sua sponte dismissal[.]" *Tingler v. Marshall*, 716 F.2d 1109, 1112 (6th Cir. 1983). This mandate exists, in part, to increase judicial efficiency and to better ensure that meritorious cases proceed while, simultaneously, weeding out improper claims.

Here, after each plaintiff filed its respective complaint and motion for a preliminary injunction, the Agencies did not move to dismiss those complaints for lack of standing. Instead, they merely opposed the motions, arguing that the plaintiffs had failed to establish "a substantial likelihood of standing" for purposes of obtaining a preliminary injunction—a "heightened standard" that "does not apply at the pleadings stage." *Waskul v. Washtenaw County Cmty. Mental Health*, 900 F.3d 250, 255 n.3 (6th Cir. 2018). Indeed, our court has explained that an "inability to establish a substantial likelihood of standing requires denial of the motion for preliminary injunction, not dismissal of the case." *Id.* (citation omitted). Moreover, the district court gave no indication—either at the preliminary-injunction hearing or otherwise—that it might dismiss the case in the course of deciding those motions. As a result, the plaintiffs lacked notice and the opportunity to be heard on the question whether their complaints "plausibly alleged their standing to sue." *Universal Life Church Monastery Storehouse v. Nabors*, 35 F.4th 1021, 1031 (6th Cir. 2022).

True, a district court need not provide such notice—and may sua sponte dismiss a complaint for lack of subject-matter jurisdiction—where the "allegations" therein are "totally implausible, attenuated, or unsubstantial" or where the court otherwise clearly lacks jurisdiction. *Apple*, 183 F.3d at 479. But that is not the case here—which is presumably why the Agencies make no argument to that effect. On this record, the district court erred when it dismissed the

complaint sua sponte, without affording the plaintiffs notice and the opportunity to be heard. *Cf. Alabama Legislative Black Caucus v. Alabama*, 575 U.S. 254, 271 (2015) (holding that, in limited circumstances, "principles of procedural fairness" might require that a court provide the party with "an opportunity" to show standing instead of sua sponte dismissing the action for lack of jurisdiction).

We therefore vacate the district court's ruling and remand the matter for further consideration and to allow Plaintiffs to amend their complaint(s). We add, however, an additional note. During the pendency of this appeal, the Agencies amended the Rule at issue in this case. The amendment, borne out of the Supreme Court's decision in *Sackett v. EPA*, 598 U.S. 651 (2023), alleviated the vast majority of Plaintiffs' alleged harms and put the viability of this suit into question. On remand, Plaintiffs must file notice of their intent to file a new suit, amend their present complaint, or dispense with this litigation altogether.