**Anita E. BELLE; Kweli Baraka Belle, Plaintiffs–Appellants,**

v.

**FEDERAL BUREAU OF INVESTIGATION, et al., Defendants–Appellees.**

**No. 02–1100, 02–1304.**

United States Court of Appeals, Sixth Circuit.

Sept. 16, 2002.

* The Honorable Robert Holmes Bell, United

Before BOGGS and COLE, Circuit Judges; BELL, District Judge.*

Anita E. Belle and her son, Kweli Baraka Belle ("the Belles"), proceeding pro se, appeal a district court order dismissing their civil action filed pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and 42 U.S.C. §§ 1983 and 1985. The Belles also appeal the district

States Chief District Judge for the Western

court's order striking their first amended complaint. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On October 2, 2001, the Belles filed a complaint against 60 defendants, including the Federal Bureau of Investigation ("FBI"), Manuel Noriega, the Nation of Israel, the United Kingdom, Osama Bin Laden, President George W. Bush, Richard Cheney, and the Mother Supreme [Masonic] Council of the World. The Belles asserted numerous allegations against the defendants. Essentially, the Belles alleged that the FBI failed to honor their request under the FOIA for personal information about President George W. Bush, George H.W. Bush, John Ellis Bush, and Michael Aquino and has been involved in "illegal monitoring, surveillance, and counter-intelligence activities against [them]." The Belles also alleged that the defendants conspired to deprive them of their civil rights and to sabotage several lawsuits that Anita Belle had filed in federal courts.

The district court granted the Belles' motion to proceed in forma pauperis and subsequently dismissed the Belles' complaint as frivolous. The Belles filed a timely appeal from the district court's order dismissing their complaint, which has been docketed in this court as case number 02–1100. Following the dismissal of their complaint, the Belles filed an amended complaint. The district court ordered the amended complaint striken from the record because it was filed after the case was dismissed. The Belles filed a timely appeal from the district court's order striking their amended complaint, which has been docketed in this court as case number 02–1304. Both cases have been consolidated.

District of Michigan, sitting by designation.

The Belles have filed a motion "for Disclosure of Masonic Affiliation" and a motion for "Sanctions/Costs Against Appellees," for "Hearing/Oral Argument," and for "Disclosure of Masonic Affiliation" with respect to case number 02–1100. The Belles have also filed a motion to proceed in forma pauperis and "for Disclosure of Masonic Affiliation/Disqualification" with respect to case number 02–1304.

We review de novo an order dismissing a suit as frivolous under § 1915(e)(2). *Brown v. Bargery,* 207 F.3d 863, 866 (6th Cir.2000). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir.1990).

■ Upon review, we conclude that the district court properly dismissed the Belles' complaint. The allegations made in the complaint lack an arguable basis in fact as they are both fantastic and delusional. *See Neitzke,* 490 U.S. at 327–28, 109 S.Ct. 1827. The arguments asserted by the Belles in their appellate briefs do not compel a different result.

■ We further conclude that the district court did not abuse its discretion when striking the Belles' amended complaint. *See Duggins v. Steak 'N Shake, Inc.,* 195 F.3d 828, 833–34 (6th Cir.1999) (district court's disposition of an amended complaint is reviewed for an abuse of discretion); *Crawford v. Roane,* 53 F.3d 750, 753 (6th Cir.1995) (same). After judgment has been entered, a complaint may not be amended without leave of court. *See* Fed. R.Civ.P. 15(a). Leave to amend a complaint "shall be freely given when justice so requires." *Id.*

The Belles did not seek leave of court prior to filing their amended complaint even though the district court's order dis-

missing their case had already been filed. Furthermore, the amended complaint did not correct the deficiencies of the original complaint, as pointed out in the district court's January 7, 2002, order. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1041–42 (6th Cir.1991). Under these circumstances, justice does not require that amendment occur. *See* Fed.R.Civ.P. 15(a).

Accordingly, the motions for disclosure of Masonic affiliation, sanctions, costs, and oral argument are denied and the district court's orders are affirmed. The motion to proceed in forma pauperis in case number 02–1304 is granted for the limited purpose of deciding this appeal. Rule 34(j)(2)(C), Rules of the Sixth Circuit.