Howard A. MONIZ, Jr., Plaintiff–Appellant,

v.

William HINES, Defendant–Appellee.

No. 02–2255.

United States Court of Appeals, Sixth Circuit.

Feb. 10, 2004.

Before KENNEDY, MARTIN, and MOORE, Circuit Judges.

KENNEDY, Circuit Judge.

Plaintiff Howard A. Moniz, Jr., a prisoner proceeding *pro se* and *in forma pauperis*, appeals the district court's dismissal of his civil rights complaint for failure to

state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff also appeals the court's denial of his motion for leave to amend that complaint. For the reasons explained below, we AFFIRM both the district court's dismissal of plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) and its denial of plaintiff's motion to amend the complaint.

## I. Background

Plaintiff Moniz, while incarcerated at the Riverside Correctional Facility in Ionia. Michigan, filed a *pro se* civil rights complaint against William Hines, the Erie Township Chief of Police, in his official capacity under 42 U.S.C. § 1983. The complaint alleged the following four claims: 1) Hines forced defendant to accept "an outrageously priced towing service" to extricate plaintiff's vehicle against plaintiff's "repeated protests" and after learning that plaintiff had made other arrangements, thereby "illegally seiz[ing]" plaintiff's vehicle and personal property: 2) Hines. knowing that plaintiff was ill, orchestrated to have plaintiff driven "several miles in the opposite direction" of where he had promised to take plaintiff, leaving plaintiff "sick, lost. stranded" and in a position in which defendant later "got in significant [legal] trouble"; 3) Hines perjured himself at plaintiff's criminal trial; and 4) Hines told "an extremely violent offender" at the Monroe County jail, where defendant was incarcerated, that plaintiff was a "cut-throat" and that the prisoner should "watch his back" around plaintiff so as to provoke that prisoner to harm or endanger plaintiff in violation of the Fourteenth Amendment.

On August 10, 2001, the district court dismissed the complaint under 28 U.S.C.

§ 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. As to plaintiff's first claim, the district court held that plaintiff does not have a constitutional right to a towing service that is not "outrageously overpriced." The district court held that plaintiff's second claim also does not implicate a constitutional right. Regarding plaintiff's third claim, the district court held that *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). which mandates the dismissal of a § 1983 action where a judgment for plaintiff "would necessarily imply the invalidity of his [still-valid] conviction or sentence," bars plaintiff's § 1983 action against Hines for perjury at plaintiff's criminal trial as it would imply the invalidity of plaintiff's sentence. The district court held that plaintiff's conclusory allegations in support of his last claim were insufficient to state a claim upon which relief may be granted. Specifically, the district court noted that plaintiff had neither identified the inmate with whom Hines spoke nor alleged that this particular inmate actually harmed plaintiff.

On August 22, 2001, plaintiff moved for leave to amend the complaint.[1] To substantiate his first claim as to the illegal seizure, plaintiff alleged that: 1) his car had been on private property with the owner's permission; 2) his car had been stuck in a driveway, not in a ditch: and 3) plaintiff already had the help of his friend to extricate plaintiff's car. Plaintiff also intimated that Hines was running a scam with the towing service. Regarding his second claim, plaintiff alleged that, although defendant knew that plaintiff was suffering from food poisoning, he lied to plaintiff and "had him dropped off several miles in the opposite direction of his friend's house." With respect to his last

---

1. Plaintiff also filed a motion for reconsideration of the district court's dismissal of his

complaint, which the district court denied on September 27, 2001.

claim of endangerment in prison, plaintiff specifically identified the inmate whom Hines allegedly solicited to harm plaintiff, noting the existence of witnesses to the events underlying this claim.

On September 25, 2002, the district court denied plaintiff's motion for leave to amend the complaint on the ground that plaintiff, in that motion, had failed to allege any additional facts entitling him to relief.[2] The district court noted that, under 28 U.S.C. § 1915. it properly dismissed plaintiff's complaint for failure to state a claim upon which relief may be granted without and before affording plaintiff the opportunity to amend the complaint. Plaintiff appeals the district court's dismissal of the complaint for failure to state a claim upon which relief may be granted as well as the court's denial of plaintiff's motion to amend the complaint.

## II. Analysis

### A. Dismissal of Complaint for Failure to State a Claim

Because plaintiff is proceeding *in forma pauperis.* 28 U.S.C. § 1915(e)(2). applies to plaintiff's § 1983 action. *See Benson v. O'Brian,* 179 F.3d 1014, 1016 (6th Cir. 1999). Section 1915(e)(2)(B)(ii) requires a district court to dismiss any *in forma pauperis* case brought under that section "at any time if the court determines that ... the action or appeal ... fails to state a claim on which relief may be granted."[3] We review *de novo* a district court's judgment dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to § 1915(e)(2). *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.

2000). We must view "all [of] the facts alleged in the complaint, as well as any inference reasonably drawn from those facts, in the light most favorable to the plaintiff." *Id.* We may affirm the dismissal of the complaint for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.*

Plaintiff's § 1983 complaint affirmatively sues defendant Hines, Erie Township Chief of Police, in his official capacity, seeking $5,000,000 in damages as well as an injunction to prevent Hines from serving as chief of police. *See generally Wells v. Brown, Jr.,* 891 F.2d 591, 592 (6th Cir. 1989) (requiring plaintiffs, including *pro se* prisoners, to specify in their § 1983 actions that they are suing state defendants in their individual capacities for damages, and dismissing § 1983 action of *pro se* prisoner who failed to so plead for a lack of jurisdiction); *Moore v. City of Harriman,* 272 F.3d 769, 771–73 (6th Cir.2001) (holding that, "[w]hen a § 1983 plaintiff fails to affirmatively plead capacity in the complaint," we apply a "course of proceedings" test to determine whether the plaintiff brought the suit against the governmental officer in his official or individual capacity). "[A] suit against a governmental officer in his official capacity is the same as a suit against [the] entity of which [the] officer is an agent." *McMillian v. Monroe County, Ala.,* 520 U.S. 781, 785 n. 2, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997) (internal quotation marks omitted). Thus, plaintiff's suit against Hines is actually a

---

**2.** The district court also denied plaintiff's Federal Rule of Civil Procedure 60(b) motion for relief from judgment, which plaintiff had filed on August 16, 2002.

**3.** The screening mechanism of 28 U.S.C. § 1915A, which pertains to a prisoner's civil action seeking "redress from a governmental entity or officer or employee of a governmental entity," also likely applies here.

suit against Erie Township, a municipality of Michigan.

To state a claim against a municipality under § 1983 for monetary, declaratory, or injunctive relief, a plaintiff must show: 1) a deprivation of his constitutional or federal rights: 2) that occurred pursuant to a custom, usage, or official policy of the municipality. *Monell v. Dep't of Soc. Sevs. of the City of New York,* 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (holding so as a matter of statutory construction and congressional intent). Regarding this latter requirement, § 1983 liability attaches to a municipality only when the execution of its "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," inflicts the injury upon the plaintiff. *Monell,* 436 U.S. at 694; *see also City of Canton, Ohio v. Harris,* 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412. 389 (1989) (affirming that a municipality may be "liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue" in that its policies or customs are the "moving force [behind] the constitutional violation") (internal quotation marks omitted); *Pembaur v. Cincinnati,* 475 U.S. 469, 479, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) (reiterating that a municipality is liable only for its own acts-acts that it "has officially sanctioned or ordered"). The policy or custom must originate from the "official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur,* 475 U.S. at 483. However, a "policy" is simply "a deliberate choice to follow a course of action ... from among various alternatives." *Id.* (clarifying that, under appropriate circumstances, municipal liability may lie "for a single decision

by municipal policy makers"). Section 1983 liability does not lie against a municipality solely because it employed a tortfeasor or based upon a theory of *respondeat superior* or vicarious liability. *Monell,* 436 U.S. at 691.

■ For purposes of our analysis, we assume *arguendo* that plaintiff's complaint alleges violations of federal or constitutional rights to support each of his claims-the first prerequisite for municipal liability. However, we find that plaintiff's complaint fails to allege that any of these purported violations occurred pursuant to any of Erie Township's customs, usages, or official policies so as to satisfy the second prerequisite for municipal liability. Plaintiff's complaint fails to allege that Hines' actions in purportedly violating plaintiff's federal or constitutional rights occurred pursuant to any of Erie Township's customs, usages, or official policies. Plaintiff's complaint also does not allege that Hines, as Erie Township Chief of Police, had final policymaking power for Erie Township in the areas in which these alleged violations occurred such that these actions constituted official Erie Township policy. Because plaintiff's complaint fails to state any claim upon which relief against Hines in his official capacity may be granted, we affirm the district court's dismissal of plaintiff's complaint under § 1915(e)(2).[4]

### B. Denial of Leave to Amend the Complaint

■ Plaintiff claims that the district court abused its discretion by denying plaintiff leave to amend his complaint after it had dismissed that complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). As a matter of common law, this circuit generally adheres to the doctrine that "a district court faced

---

4. Section 1915(e)(2)(B)(iii) also requires the district court to dismiss any case under this section if it determines that the action "seeks

monetary relief against a defendant who is immune from such relief."

with a complaint which it believes may be subject to dismissal must ... notify all parties of its intent to dismiss the complaint [and] give the plaintiff a chance either to amend his complaint or respond to the reasons stated by the district court in its notice of intended *sua sponte* dismissal." *Benson,* 179 F.3d at 1015. However, a district court may not permit a plaintiff to amend his complaint to defeat dismissal under 28 U.S.C. § 1915(e)(2). *See* 28 U.S.C. § 1915(e)(2) (providing that a district court *"shall* dismiss the case") (emphasis added); *Benson,* 179 F.3d at 1016. Clearly, § 1915 proscribes a district court from permitting a plaintiff to amend his complaint to avoid its dismissal under § 1915(e)(2) *in the first instance.* However, § 1915 also proscribes a district court from permitting a plaintiff to amend his complaint *after* that court has dismissed the complaint under § 1915(e)(2). *But see Belle v. FBI,* 46 Fed.Appx. 326, 327–28 (6th Cir.2002) (unpublished opinion) (holding that the district court, after dismissing plaintiffs' complaint under § 1915(e)(2), did not abuse its discretion under Federal Rule of Civil Procedure 15(a) in striking plaintiffs' amended complaint because plaintiffs failed to seek leave to file their amended complaint and the amended complaint did not correct the original complaint's deficiencies); *cf. Graham v. Mercer,* 238 F.3d 421, 2000 WL 1720972, at *2 (6th Cir.2000) (unpublished opinion) (holding that the district court, after dismissing plaintiff's complaint under 28 U.S.C. § 1915A and 42 U.S.C. § 1997(e)(c), did not err in denying plaintiff's motion to amend the complaint because plaintiff never filed a timely motion under Rule 59(e) or Rule 60(b) to amend the complaint). A district court cannot grant such an amendment without vacating its earlier judgment

dismissing the complaint under § 1915(e)(2). *See Inge v. Rock Fin. Corp.,* 281 F.3d 613, 617–18 (6th Cir.2002) (noting that the district court would have to vacate its dismissal order if it were to grant plaintiff's motion to amend the complaint); *Morse v. McWhorter,* 290 F.3d 795, 799 (6th Cir.2002) (holding that, "[f]ollowing the entry of final judgment, a party may not seek to amend their complaint without first moving to alter, set aside or vacate judgment pursuant to either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure"). Amending a complaint after its dismissal under § 1915(e)(2) would. thus, rescind that dismissal in both form and substance. Section 1915 cannot have the anomalous result of giving a district court discretion to permit a plaintiff to do indirectly that which it has no discretion to permit the plaintiff to do directly. In sum, as both its spirit and structure make clear. § 1915 does not afford a district court discretion to permit a plaintiff to amend his complaint *after* its dismissal under § 1915(e)(2). *See* 28 U.S.C. § 1915(g) (generally barring a prisoner from bringing a civil action or appealing a judgment in a civil action under this section if a federal court has. on three or more occasions, dismissed any action or appeal for failure to state a claim upon which relief may be granted). Having no discretion to abuse, the district court's denial of plaintiff's motion for leave to amend the complaint was not in error.[5]

For the foregoing reasons, we AFFIRM both the district court's dismissal of plaintiff's complaint under 28 U.S.C. § 1915(e)(2) and its denial of plaintiff's motion for leave to amend the complaint.

---

**5.** In so holding, we do not and need not decide whether plaintiff's motion for leave to

amend the complaint cured the deficiencies in the original complaint's pleadings.