**Arzell GOODEN, Plaintiff–Appellant,**

v.

**CITY OF MEMPHIS POLICE DEPARTMENT; Officer R. Skelton; City of Memphis, Defendants–Appellees.**

**No. 00–5562.**

United States Court of Appeals, Sixth Circuit.

Feb. 6, 2002.

Before SUHRHEINRICH, SILER, and BATCHELDER, Circuit Judges.

Arzell Gooden, a Tennessee citizen, appeals pro se a district court order dismissing his civil rights action as frivolous, pursuant to 28 U.S.C. § 1915(e). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Gooden filed a complaint against the City of Memphis, its Police Department, and a police officer. Gooden paid the filing fee for the complaint. He alleged that the officer had subjected him to false arrest and confiscated $230 from him. The district court ordered Gooden to amend his complaint to indicate how the charge on which he was arrested was resolved, and whether the defendants were being sued in their individual or official capacities. The district court also pointed out that the city could not be held vicariously liable for the acts of its employees, and cautioned Gooden to

keep that in mind in drafting his amended complaint. Gooden filed an amended complaint in which he clarified that the charge on which he had been arrested had been dismissed. However, the amended complaint did nothing to indicate that the city was other than vicariously liable. The capacity in which the defendants were being sued was also not clarified. The form which Gooden was provided for his original complaint directed him to list the defendants and state whether he was suing them in their "official capacity, personal capacity or both." In the spaces under this direction, Gooden wrote: "City of Memphis, Police Department, Officer R. Skelton—No. 8622. Both—City, And Police".

The district court reviewed the amended complaint and, without service on the defendants, dismissed it as frivolous pursuant to 28 U.S.C. § 1915(e). The district court concluded that the police officer was being sued only in his official capacity, and that the suit was therefore only against the city of Memphis, which could not be held vicariously liable. On appeal, Gooden argues that he did mean to indicate that he was suing the police officer in both his official and personal capacity.

■ Initially, we note that the district court erred in referring to 28 U.S.C. § 1915(e) in dismissing this complaint, as Gooden was not proceeding in forma pauperis. *See Benson v. O'Brian*, 179 F.3d 1014, 1015–17 (6th Cir.1999). However, since Gooden was given notice and an opportunity to amend, the dismissal can be construed as one for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6). Alternatively, a sua sponte dismissal can be affirmed as a dismissal pursuant to Fed.R.Civ.P. 12(b)(1) where the complaint is so insubstantial that the district court lacked jurisdiction. *See Apple v. Glenn*, 183 F.3d 477, 479–80 (6th Cir.1999).

■ In this case, the dismissal of Gooden's claims against the city, the police department, and the police officer in his official capacity will be affirmed, as the complaint with respect to these defendants was insubstantial and patently failed to state a claim. As the district court properly concluded, if the complaint were construed as being against only these defendants, it would be a suit against the city alone, which could not be held responsible because Gooden failed to show that his injury was caused by an unconstitutional policy or custom adopted by the city. *See Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir.1997). In spite of being advised that the city could not be held vicariously liable for the acts of its employees, Gooden failed to allege anything in his amended complaint which could be construed as an allegation that his injury was due to anything other than the alleged misdeeds of a city employee.

■ However, we conclude that the dismissal of the complaint as to the police officer in his individual capacity cannot be affirmed. The instant case was held in abeyance pending this court's en banc decision in *Moore v. City of Harriman*, 272 F.3d 769, (6th Cir.2001) (No. 99–5258), which raised a similar issue. In *Moore*, the court held that the failure to include the words "individual capacity" is not necessarily fatal to a complaint. *Id.* at 770. In this case, it is arguable that Gooden indicated a desire to sue the police officer in both his official and personal capacity with his notation of "both" under the directions requiring him to state the capacity in which the defendants were sued. As in *Moore*, the police officer defendant in this case was not a state official and therefore there was no jurisdictional basis for requiring an allegation of capacity under Fed.R.Civ.P. 9(a). *Id.* Furthermore, the fact that this complaint also potentially

raised state law claims, such as malicious prosecution, would have given the police officer notice that he might face individual liability. *Id.* at 771. Finally, because this case was dismissed so early in the "course of proceedings," the police officer defendant did not suffer any prejudice to his defense. *Id.*

Dismissals of civil rights complaints are scrutinized with special care. *Id.* at 770. Therefore, the dismissal of the complaint as to the defendant police officer in his individual capacity is vacated and remanded for further proceedings. The dismissal of the complaint with regard to the remaining defendants is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.