Arzell GOODEN, Plaintiff–Appellant,

v.

CITY OF MEMPHIS POLICE DEPARTMENT, Defendant,

R. Skelton, Officer, Defendant–Appellee.

No. 02–6170.

United States Court of Appeals, Sixth Circuit.

June 17, 2003.

Before: MARTIN, Chief Judge;
KRUPANSKY and COLE, Circuit Judges.

### ORDER

Arzell Gooden, a Tennessee resident proceeding pro se, appeals the district court order dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

This is Gooden's second appeal in this case. Seeking monetary relief, Gooden sued the Memphis Police Department, Officer Skelton, and the City of Memphis. Gooden alleged that Officer Skelton had subjected him to false arrest and confiscated $230 from him. The district court ordered Gooden to amend his complaint. The district court reviewed the amended complaint and dismissed it as frivolous pursuant to 28 U.S.C. § 1915(e), and Gooden appealed. A panel of this court affirmed the district court's decision in part and vacated and remanded it in part. *Gooden v. City of Memphis Police Dep't,*

29 Fed.Appx. 350 (6th Cir.2002). On remand, the case proceeded only on Gooden's claims against Skelton in his individual capacity. Skelton moved to dismiss or for summary judgment. The district court denied the motion to dismiss but granted the motion for summary judgment. The court held that Gooden had failed to come forward with any evidence upon which a jury could reasonably find for him. The district court also denied Gooden's motion for reconsideration.

In his appeal, Gooden argues that Officer Skelton falsified an arrest report and gave an inconsistent account of the arrest in his affidavit.

This court reviews an order granting summary judgment de novo. *Holloway v. Brush,* 220 F.3d 767, 772 (6th Cir.2000). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

Upon review, we conclude that the district court properly granted summary judgment to Officer Skelton. In his complaint and amended complaint, Gooden alleged that Skelton falsified an arrest report, illegally searched his vehicle, robbed him of $230, falsely imprisoned him, and prosecuted him maliciously. The charges against Gooden were dismissed. Skelton moved for summary judgment on the grounds that he had probable cause to arrest Gooden, that the search of the truck was an inventory search incident to a lawful arrest, and that he did not take any money. In support of his motion, Skelton offered his affidavit and those of Officer Wooten and Lieutenant Jones of the Memphis Police Department. Skelton swore that on the night of the incident, he observed a man known to him as a drug user

and seller and male prostitute flag down Gooden's vehicle and reach in the window. Suspecting a drug transaction, Skelton approached the truck. According to Skelton, Gooden appeared nervous, his speech was confused, his eyes were bloodshot and glassy, and he performed very poorly on a field sobriety test. Skelton arrested Gooden for DUI, public intoxication, and disorderly conduct, and he and Wooten searched Gooden's vehicle. They recovered a gun and a purse. Wooten's affidavit corroborated Skelton's account. He also stated that he did not see any money in Gooden's purse. Jones swore that he came to the scene at Skelton's request after Gooden accused him of stealing his money. He advised Gooden to file a formal complaint with the police department.

Skelton was entitled to a judgment as a matter of law. Faced with Skelton's affidavits and supporting facts, Gooden responded only with conclusory, unsworn statements unsupported by any admissible evidence. Significantly, Gooden did not present an affidavit from the only non-police witness at the scene. Conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not enough to defeat a well-supported motion for summary judgment. *See Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990); *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir.1999). Gooden failed to present evidence on which a jury could reasonably find for him. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The district court also properly denied Gooden's motion for reconsideration. *See* Fed.R.Civ.P. 59(e). Gooden argued that he was unaware that he was supposed to respond to Skelton's motion with affidavits and attached his own affidavit for the first time. The affidavit disputed Skelton's and Wooten's version of the arrest and re-

peated the allegations from Gooden's amended complaint. The district court declined to consider the affidavit because Gooden failed to file it in response to Skelton's motion or the court's show-cause order. Because Gooden did not present any newly discovered evidence, we find no error. *See Emmons v. McLaughlin,* 874 F.2d 351, 359 (6th Cir.1989); *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985).

Gooden's argument that Skelton falsified the arrest report and gave an inconsistent account of the arrest in his affidavit is without merit. The minor discrepancy Gooden identifies does not remedy his utter failure to come forward with substantial evidence in support of his claims.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.